**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 98-6677

_____

ROBERT EUGENE WATSON,

                                    Petitioner - Appellant,

        versus

SEWALL B. SMITH, Warden; ATTORNEY GENERAL OF
THE STATE OF MARYLAND,

                                    Respondents - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge. (CA-97-
1163-AMD)

_____

Submitted:  August 13, 1998        Decided:  September 3, 1998

_____

Before WIDENER and WILKINS, Circuit Judges, and HALL, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Mark Lawrence Gitomer, CARDIN & GITOMER, P.A., Baltimore, Maryland,
for Appellant.  John Joseph Curran, Jr., Attorney General, Rachel
Marblestone Kamins, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,
Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order denying his motion for reconsideration. Appellant filed a petition under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). The petition was denied on March 6, 1998. On March 13, 1998, Appellant, through counsel, sought leave to file a response and a motion for reconsideration. On the same day, the court directed Appellant to file the motion for reconsideration forthwith. Appellant filed a motion for reconsideration on April 20, 1998 challenging the legal issues decided by the district court. The motion was denied on April 23, 1998. Appellant filed a notice of appeal from the April 23 order on May 4, 1998.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). A notice of appeal must be filed within thirty days of the date of the entry of the final order. See Fed. R. App. P. 4(a)(1). A motion filed within ten days of the entry of the final order under Fed. R. Civ. P. 59 or 60 tolls the time for filing a notice of appeal. The ten day period cannot be extended at the discretion of the district court. See Fed. R. Civ. P. 6(b); Smith v. Evans, 853 F.2d 155, 157 (3d Cir. 1988). Therefore, Appellant's motion for reconsideration did not toll the period in which to file a notice

2

of appeal from the court's March 6 order. The notice of appeal is timely only as to the court's April 23 order disposing of his motion for reconsideration.

Appellant's motion for reconsideration is construed as having been filed under Fed. R. Civ. P. 60(b). <u>See</u> <u>Dove v. Codesco</u>, 569 F.2d 807, 809 (4th Cir. 1978). We review the denial of a motion under Rule 60(b) for abuse of discretion. Because Appellant's motion only sought reconsideration of legal issues addressed in the March 6 order, it was not a proper basis for granting reconsideration. <u>See</u> <u>CNF Constructors, Inc. v. Donohoe Constr. Co.</u>, 57 F.3d 395, 401 (4th Cir. 1995). Accordingly, we find the court did not abuse its discretion. We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>